SHEHAN v. CORNWALL.

**Negligence:** INJURIES FROM DOG. In an action wherein damages were sought for injuries to the claimant's horse by a dog which had followed the claimant and his team from the house of the owner of the dog, where the claimant was boarding, the court instructed the jury, in substance, that the claimant was guilty of negligence if "he suffered the dog to follow him, *when he might have prevented it*. *Held* that the instruction was erroneous.

*Appeal from General Term, Ninth District (Black Hawk County).*

TUESDAY, JUNE 14.

THE plaintiff brought this action against defendant to recover for board, use of team, etc., furnished by him to defendant. By way of set-off and cross-action the defendant claimed to recover of plaintiff for work, grain, etc., and also for damages done by plaintiff's vicious dog to a certain horse of defendants. Upon these the cause was tried to a jury. There was a judgment for plaintiff, which was affirmed in the general term. The defendant appeals. The further facts are stated in the opinion.

*Bois, Allen & Couch* for the appellant.

*Miller & Miller* for the appellee.

COLE, Ch. J. — The evidence tended to show, *inter alia*, that while defendant was boarding with plaintiff, he took his own team to go to some timber land of his for a load of wood for his own use ; that the plaintiff's dog followed him a part of the way, at least ; that after the defendant had procured his load of wood and started back, his horses got away from him and ran toward home ; that when he found them, soon after, they were down and unable to get up, and the head of one of them was very badly eaten, one eye destroyed, and the flesh and skin of the jaw and face being torn off by the plaintiff's dog, which was still biting the horse, and was with great difficulty driven off. The horse was damaged ninety dollars by the plaintiff's dog.

The court instructed the jury as follows :  " If you find that the plaintiff's dog did mutilate and injure one of

defendant's horses, you will further investigate and see whether this damage so done to said horse occurred without the fault or negligence of the defendant; for if you find that the said defendant, by either taking the dog with him, or suffering the said dog to follow him when he might have prevented it from so following, and you find that the damage occurred on account of said defendant allowing said dog to follow him when he might have prevented him, the defendant is not entitled to recover."

This intruction was erroneous, in that it denied the right of the defendant to recover for the injury to his horse, although he may not have been *either negligent or careless*, but simply because "he suffered the dog to follow him *when he might have prevented it.*" The difference between *power to prevent* the dog from following him and carelessly or negligently allowing it to follow, is too broad and manifest to require argument to demonstrate. The defendant might have prevented the dog from following him by staying at home himself, by killing the dog, by driving the dog back and tying him there with a chain, or in many other ways, the omission to do which would be neither carelessness nor negligence.

One other instruction embodies the same idea, and was alike erroneous. There was no error in the other instructions complained of, nor in excluding the evidence as to the manifestations of viciousness by the dog after the occurrence complained of. For the reasons above stated, the judgment is

Reversed.